**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**IMPERIAL OUTDOOR ADVERTISING, Respondent.**

**No. 72–1140.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1972.

Decided Dec. 8, 1972.

---

Stanley R. Zirkin, Atty., N. L. R. B., Washington, D. C., for petitioner.

Richard L. Berkheimer, Lincoln, Neb., for respondent.

Before HEANEY and STEPHEN-SON, Circuit Judges, and BOGUE, District Judge.*

HEANEY, Circuit Judge.

The National Labor Relations Board petitions for the enforcement of its order issued against Imperial Outdoor Advertising. The Board's decision and order are reported at 192 N.L.R.B. No. 183, 78 L.R.R.M. 1208 (1971).

### TRIAL EXAMINER BIAS

We have carefully examined the record and find no merit to Imperial's contention that the trial examiner was biased.

### UNFAIR LABOR PRACTICES

There is substantial evidence in the record as a whole to support the Board's findings.

(1) Imperial violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C., § 151 et seq., by soliciting employees to drop out of the Sign and Pictorial Painters of Omaha, Nebraska, Local No. 752. These solicitations took place before and after June 1, 1970.

* Sitting by designation, District of South Dakota.

(2) Imperial violated §§ 8(a)(1) and (5) of the Act by individually bargaining with the employees. These unfair labor practices also took place before and after June 1, 1970.

(3) The Board found that the unfair labor practices stated in (1) and (2) above were significant factors in the employee strike. While there is evidence in the record to support a contrary inference, the record as a whole supports the inference drawn by the Board that the failure of Imperial to bargain in good faith was a factor leading to the strike. See, N.L.R.B. v. Comfort, Inc., 365 F.2d 867, 874 (8th Cir. 1966).

(4) Imperial violated §§ 8(a)(1) and (3) of the Act by discharging four employees—Barnett, Pyle, Lorence and Straka—for engaging in protected activities. The employees were notified of this discharge on June 24, 1970. While the effective date of the discharge is not important in the light of our decision that the strike was an unfair labor practice strike from the outset, the record taken as a whole supports the view that the discharge in fact took place on June 24, 1970.

(5) Imperial violated §§ 8(a)(1) and (3) of the Act by refusing to reinstate employee Straka on September 5, 1970. On that date, Straka made an unconditional application for reinstatement.

## THE REMEDY

The Board's order is to be enforced insofar as it requires Imperial to bargain with the Union upon request, to cease and desist from the unfair labor practices found and from in any other manner interfering with, restraining or coercing employees in the exercise of rights guaranteed by the Act, and to post appropriate notices.

■ The Board's order requiring Imperial to reinstate Straka to his former job or a substantially equivalent position, and to make him whole for any loss of pay suffered by reason of Imperial's refusal to reinstate him on September 5, 1970, is enforced. Straka was an unfair labor practice striker from the outset of the strike. His right to reinstatement and to be made whole is not affected by the fact that replacements were hired before he made application for reinstatement. See, N.L.R.B. v. International Van Lines, 409 U.S. 48, 93 S.Ct. 74, 34 L.Ed.2d 201 (1972). There, the Supreme Court stated:

"It would undercut the remedial powers of the Board with respect to § 8 violations, and subvert the protection of § 7 of the Act, to hold that the employees' rights to reinstatement arising from the discriminatory discharges were somehow forfeited merely because they continued for a time to engage in their lawful strike after the unfair labor practices had been committed."

*Id.* at 53, 93 S.Ct. at 78.

The Board's order requiring Imperial to offer reinstatement to employees Lorence, Barnett and Pyle, upon their unconditional application for reinstatement is enforced. The record indicates that some replacements have been hired, but their situation is the same as Straka's. They were unfair labor practice strikers from the outset, and are entitled to be reinstated to their former positions.

■ We make it clear that if Imperial purges itself from its unfair labor practices in compliance with the Board's order, a refusal by the strikers to accept Imperial's reinstatement offer or failure to adequately respond within a reasonable period will terminate the employer's obligation to reinstate and toll its back pay liability. N.L.R.B. v. Schweigers, Inc., 453 F.2d 255, 259 (8th Cir. 1971).

During the course of oral argument, the Court posed a hypothetical question to the parties with respect to the rights of strikers if the record showed the facts to be as follows:

(1) The strike at Imperial was an economic strike at its inception.

(2) Three of the four strikers were permanently replaced prior to their discharge on June 24, the date of Imperi-

al's letter, rather than the June 1 date stated in the letter.

(3) The discharges and other unfair labor practices by Imperial subsequent to the permanent replacement of the strikers converted the strike to an unfair labor practice strike. The parties now agree that on these assumed facts, the three strikers would not have been entitled to replace those hired to take their place. See, Little Rock Airmotive, Inc. v. N.L.R.B., 455 F.2d 163 (8th Cir. 1972); N.L.R.B. v. Plastilite Corporation, 375 F.2d 343 (8th Cir. 1967). But as we have noted above, substantial evidence on the record as a whole does not indicate the facts to be as stated in the hypothetical posed by the Court. Rather, a careful review of the record convinces us that the unfair labor practices committed by the employer prior to the strike were a factor leading to the strike and, thus, employees Barnett, Pyle, Lorence and Straka are entitled to all of the rights of unfair labor practices strikers.

The Board's order is enforced.